CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
1/2/2026
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

**HAYATULLAH ALIDOST,**   )
)
*Plaintiff*,   )
)
v.   )
)   Civil Action No.: 1:26cv1
**YUGANG GUO, and**   )
)
**GLN INC.,**   )
)
*Defendants*.   )

## COMPLAINT

Plaintiff Hayatullah Alidost ("Mr. Alidost"), by counsel, files this Complaint against Defendants Yugang Guo ("Guo") and GLN Inc. ("GLN") (collectively, "Defendants").

### I. Introduction

1. This case demonstrates the consequences of negligently operating a commercial motor vehicle. This action arises from an April 11, 2024 collision on Interstate 81 that involved two tractor-trailers. Guo was traveling southbound on Interstate 81 when he lost control of GLN's tractor-trailer, crossed the median, entered the northbound lane, and violently struck Mr. Alidost's tractor-trailer head-on. As a result of the crash, Mr. Alidost suffered catastrophic and life-changing injuries.

### II. Parties & Jurisdiction

2. Mr. Alidost is a citizen of the Commonwealth of Virginia, residing in Mechanicsville, Virginia.

3. Guo is a citizen of California, residing at 1010 West Wilson Street, Pomona, California 91768.

4. GLN is a trucking company and commercial motor carrier with its principal place of business located at 6304 Kaisha Street, Corona, California 92880.

5. GLN's registered office is located at 6304 Kaisha Street, Corona, California 92880.

6. GLN's registered agent is Yongjie Gao.

7. At all relevant times, Guo was a professional truck driver with a commercial driver's license (CDL).

8. At all relevant times, Guo was working for GLN.

9. At all relevant times, Guo was an employee or agent for GLN.

10. At all relevant times, Guo was engaged in job-related services for GLN.

11. At all relevant times, Guo was engaged in the business of GLN.

12. At all relevant times, Guo was acting in furtherance of the business of GLN.

13. At all relevant times, Guo's actions were incident to the performance of duties entrusted to him by GLN.

14. At all relevant times, Guo's actions were done in carrying out a direction or order from GLN.

15. At all relevant times, Guo was acting within the course and scope of his employment or agency with GLN.

16. At all relevant times, GLN was vicariously liable for Guo's negligent actions and omissions.

17. Diversity jurisdiction exists pursuant to 28 U.S.C.§ 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

18.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### III.     Facts

19.     On April 11, 2024, at approximately 8:00 p.m., Mr. Alidost was operating a tractor-trailer and traveling northbound on Interstate 81 in Wythe County, Virginia.

20.     Below is a photograph showing the tractor-trailer that Mr. Alidost was operating.



21.     Mr. Alidost was obeying all traffic laws.

22.     At the same time, Guo was operating a tractor-trailer for GLN and traveling southbound on Interstate 81 in the left lane.

23.     Guo lost control of the tractor-trailer, ran off the highway, struck the guard rail, continued through and across the median, and entered into the northbound lanes of Interstate 81.

30531\0001\12999102v1

24. Guo's tractor-trailer struck Mr. Alidost's tractor-trailer head-on.

25. The collision caused extensive damage to both tractor-trailers, as shown in the below photograph.



30531\0001\12999102v1

26. The tractor driven by Mr. Alidost was totaled as a result of the crash, as shown in the below photograph.



30531\0001\12999102v1

27. Likewise, the tractor driven by Guo was totaled as a result of the crash, as shown in the below photograph.



30531\0001\12999102v1

28. Immediately after the crash, Mr. Alidost was transported by ambulance to the emergency room.

29. As a direct and proximate result of the crash, Mr. Alidost has suffered serious injuries, including, but not limited to: facial injury; headaches; post-concussion syndrome; neck injury; cervical cord compression; upper back injury; right shoulder injury; right rotator cuff tear requiring surgical intervention; lower back injury; left leg injury; left hip injury; left knee injury; left-sided weakness, numbness, and tingling; right leg injury; right knee injury; and acute stress disorder.

30. Mr. Alidost has incurred thousands of dollars of medical expenses and lost wages due to the nature of his crash-related injuries.

31. Mr. Alidost continues to suffer from his crash-related injuries.

### IV.    Causes of Action

### COUNT ONE
**Negligence**
*Defendant Yugang Guo*

32. The preceding paragraphs are hereby incorporated as if fully set forth herein.

33. At all relevant times, Guo owed Mr. Alidost numerous duties, including, but not limited to:

    a. The duty to travel the proper direction on the highway;

    b. The duty to keep the tractor-trailer in its proper lane on the highway;

    c. The duty to keep the tractor-trailer on the right side of the highway;

    d. The duty to operate the tractor-trailer with reasonable care and due regard for the safety of others;

    e. The duty to keep a proper lookout;

    f.      The duty to maintain proper control of the tractor-trailer;

    g.      The duty to give full time and attention to the operation of the tractor-trailer;

    h.      The duty to operate the tractor-trailer in a safe manner;

    i.      The duty to decrease the speed of the tractor-trailer as may be necessary to avoid colliding with another vehicle;

    j.      The duty to change the direction of the tractor-trailer as may be necessary to avoid colliding with another vehicle; and

    k.      Other duties that may be provided by law.

34.    Guo breached those duties and was negligent in *at least* the following respects:

    a.      He failed to travel the proper direction on the highway;

    b.      He failed to keep the tractor-trailer in its proper lane on the highway;

    c.      He failed to keep the tractor-trailer on the right side of the highway;

    d.      He failed to operate the tractor-trailer with reasonable care and due regard for the safety of others;

    e.      He failed to keep a proper lookout;

    f.      He failed to maintain proper control of the tractor-trailer;

    g.      He failed to give his full time and attention to the operation of the tractor-trailer;

    h.      He failed to operate the tractor-trailer in a safe manner;

    i.      He failed to decrease the speed of the tractor-trailer as may be necessary to avoid colliding with another vehicle;

    j.      He failed to change the direction of the tractor-trailer as may be necessary to avoid colliding with another vehicle; and

30531\0001\12999102v1

      k.      He was negligent in other ways that discovery will reveal.

35.      As a direct and proximate result of Guo's negligent acts listed above, the collision occurred, and Mr. Alidost has incurred or will incur the following categories of damages: past medical expenses, future medical expenses, lost wages, lessening of earning capacity, pain and suffering, and inconvenience.

**COUNT TWO**
**Negligence (*Respondeat Superior*)**
*Defendant GLN Inc.*

36.      The preceding paragraphs are hereby incorporated as if fully set forth herein.

37.      At all relevant times, GLN was acting through its employees and agents, including, but not limited to, Guo.

38.      The preceding paragraphs are hereby incorporated as if fully set forth herein.

39.      At all relevant times, GLN owed Mr. Alidost numerous duties, including, but not limited to:

      a.      The duty to travel the proper direction on the highway;

      b.      The duty to keep the tractor-trailer in its proper lane on the highway;

      c.      The duty to keep the tractor-trailer on the right side of the highway;

      d.      The duty to operate the tractor-trailer with reasonable care and due regard for the safety of others;

      e.      The duty to keep a proper lookout;

      f.      The duty to maintain proper control of the tractor-trailer;

      g.      The duty to give full time and attention to the operation of the tractor-trailer;

      h.      The duty to operate the tractor-trailer in a safe manner;

      i.      The duty to decrease the speed of the tractor-trailer as may be necessary to avoid colliding with another vehicle;

      j.      The duty to change the direction of the tractor-trailer as may be necessary to avoid colliding with another vehicle; and

      k.      Other duties that may be provided by law.

40.      GLN breached those duties and was negligent in *at least* the following respects:

      a.      It failed to travel the proper direction on the highway;

      b.      It failed to keep the tractor-trailer in its proper lane on the highway;

      c.      It failed to keep the tractor-trailer on the right side of the highway;

      d.      It failed to operate the tractor-trailer with reasonable care and due regard for the safety of others;

      e.      It failed to keep a proper lookout;

      f.      It failed to maintain proper control of the tractor-trailer;

      g.      It failed to give its full time and attention to the operation of the tractor-trailer;

      h.      It failed to operate the tractor-trailer in a safe manner;

      i.      It failed to decrease the speed of the tractor-trailer as may be necessary to avoid colliding with another vehicle;

      j.      It failed to change the direction of the tractor-trailer as may be necessary to avoid colliding with another vehicle; and

      k.      It was negligent in other ways that discovery will reveal.

41.      GLN is vicariously liable to Mr. Alidost for Guo's negligent acts and omissions under the doctrine of *respondeat superior* because Guo acted within the course and scope of his

employment or agency with GLN, and Guo was engaged in a job-related service at the time of the crash.

42. As a direct and proximate result of GLN's negligent acts listed above, the collision occurred, and Mr. Alidost has incurred or will incur the following categories of damages: past medical expenses, future medical expenses, lost wages, lessening of earning capacity, pain and suffering, and inconvenience.

43. Mr. Alidost seeks to be compensated to the fullest extent permitted by law.

### V. Prayer for Relief

WHEREFORE, Plaintiff Hayatullah Alidost, by counsel, moves this Court for judgment against Defendants Yugang Guo and GLN, Inc., jointly and severally, in the amount of THREE MILLION DOLLARS ($3,000,000), plus taxable costs, pre-judgment interest from April 11, 2024, post-judgment interest, and any other such relief that this Court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

HAYATULLAH ALIDOST

By: */s/Jared A. Tuck*
    Counsel

Matthew W. Broughton (VSB No. 25226)
Evans G. Edwards (VSB No. 79588)
Jared A. Tuck (VSB No. 98429)
GENTRY LOCKE
10 Franklin Road SE, Suite 900
Roanoke, Virginia  24011
Phone: 540.983.9300
Fax:    540.983.9400
Email: broughton@gentrylocke.com
       edwards@gentrylocke.com
       jtuck@gentrylocke.com
*Counsel for Plaintiff*